**Shakeel AKHTAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.***

**No. 08–1465–ag.**

United States Court of Appeals, Second Circuit.

Oct. 23, 2008.

* The Clerk of the Court is directed to amend the official caption as set forth above.

Rahul D. Manchanda and Justin D. Parsons, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Anthony C. Payne, Senior Litigation Counsel, Ana T. Zablah–Monroe, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Shakeel Akhtar, a native and citizen of Pakistan, seeks review of a February 29, 2008 order of the BIA affirming the January 7, 2008 order of Immigration Judge ("IJ") Annette S. Elstein denying his motion to reopen. *In re Shakeel Akhtar,* No. A72 454 818 (B.I.A. Feb. 29, 2008), *aff'g* No. A72 454 818 (Immig. Ct. N.Y. City Jan. 7, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, it is beyond dispute that the BIA accurately found that Akhtar's motion to reopen was untimely. Akhtar sought reopening of his exclusion proceedings in order to pursue relief under the Convention Against Torture ("CAT") over eleven years after the BIA directed him to surrender for deportation and more than eight years after the June 21, 1999 deadline applicable to aliens deported before March 22, 1999 who seek reopening to apply for CAT relief. *See* 8 C.F.R. § 1208.18(b)(2)(i).

■ An alien like Akhtar who missed the June 21, 1999 deadline may still invoke the general filing exceptions to the time limitations on motions to reopen in 8 C.F.R. § 1003.23(b)(4). The BIA may deny a motion to reopen invoking 8 C.F.R. § 1003.23(b)(4), however, where the movant fails to establish *prima facie* eligibility for relief. 8 C.F.R. § 1003.2(c)(1); *see INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (finding that the movant's failure to establish *prima facie* eligibility for the underlying relief sought provides "independent grounds on which the BIA may deny a motion to reopen"). Here, the BIA properly found that Akhtar

failed to meet his burden of establishing that someone in his particular alleged circumstances is more likely than not to be tortured in Pakistan. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir. 2003).

 While Akhtar's evidence establishes widespread violence and an unstable political situation in Pakistan that resulted, in part, because of the assassination of Benazir Bhutto, the former leader of the Pakistan People's Party ("PPP"), Akhtar failed to explain why "someone in his particular alleged circumstances" would be subjected to torture if returned to Pakistan. *See id.* Akhtar argues that his evidence shows that he is still a member of the PPP and that party "members are presently and routinely subject to murder, kidnapping, and arson." Petitioner's Br. at 24. Contrary to Akhtar's arguments, however, his evidence does not demonstrate the latter proposition. At most, his evidence reflects on the general political instability in Pakistan and the targeting of high-profile leaders. In the absence of particularized evidence establishing a clear probability of torture, the agency properly found that Akhtar did not establish *prima facie* eligibility for CAT relief. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005) (finding that general evidence of human rights violations, including instances of torture, does not warrant CAT relief where it does not demonstrate that a petitioner is personally more likely than not to suffer torture upon removal).

For the foregoing reasons, the petition for review is DENIED.